UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY W. HAYES, SR., | : | Case No. 3:13-cv-247 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Michael J. Newman |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THE COMMISSIONER'S MOTION FOR REMAND (DOC. 13) BE GRANTED; (3) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (4) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. Plaintiff Jeffrey W. Hayes, Sr. ("Plaintiff") challenges the Administrative Law Judge's ("ALJ") non-disability finding and conclusion that Plaintiff is not entitled to Disability Insurance Benefits ("DIB"). The Commissioner did not file a substantive response to Plaintiff's Statement of Errors. Instead, the Commissioner moves for a remand for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g), *i.e.*, essentially conceding error at the administrative level. *See* doc. 13. Plaintiff opposes the Commissioner's request for remand arguing that the Court should remand only for the immediate award of benefits. Doc. 14. Accordingly the issue presently before the Court is whether this Court should remand for further proceedings or for the immediate award of benefits. This issue is now ripe for decision by the undersigned.

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I.

## A.    Procedural History

Plaintiff protectively filed for DIB on September 15, 2009 alleging a disability onset date of July 13, 2007.  Doc. 7 at PageID 163-73.[2]  Plaintiff suffers from a number of impairments including, among others, cervical spondylosis, degenerative disc disease of the lumbar spine, coronary artery disease and major depressive disorder.  PageID 48.

After initial denials of his applications, Plaintiff received a hearing before ALJ Joseph P. Donovan, Sr. on January 12, 2012.  PageID 65-84.  The ALJ issued a written decision on January 25, 2012 finding Plaintiff not "disabled."  PageID 46-57.  Specifically, the ALJ's Findings were as follows:

1.  The claimant meets the insured status requirements of the Social Security Act through December 21, 2012.

2.  The claimant has not engaged in substantial gainful activity since July 13, 2007, the alleged onset date (20 CFR 404.1571, *et seq.*).

3.  The claimant has the following severe impairments: cervical spondylosis, degenerative disc disease of the lumbar spine, coronary artery disease, sick sinus syndrome, major depressive disorder and panic disorder (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to lift and carry 10 pounds frequently and 15 pounds occasionally; sit, stand, and walk for 6 hours  in an 8 hour day with an at-will sit/stand option; frequently use all controls, feel, finger, handle, reach, climb ramps and stairs slowly, and balance; occasionally reach overhead, stoop, kneel, crouch, and bend; never climb ladders, ropes, and scaffolding or crawl; avoid concentrated

---

[2]    Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

2

exposure to chemicals, fumes, extreme temperatures, dust, dander, and mold; avoid all unprotected heights, hazardous machinery, and industrial vibrations; understand, remember, and carry out skilled, semi-skilled, and unskilled tasks; frequently interact with the general public, supervisors, and coworkers; stay on-task 95% of the workday with a 5% loss in productivity; and frequently respond to changes in work setting.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born [in] 1957 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 13, 2007, through the date of this decision (20 CFR 404.1520(g)).

PageID 46-57.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 33-42, 257-64. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B.    Evidence of Record

The ALJ set forth an exhaustive recitation of the evidence of record in this case.  PageID 50-54.  Plaintiff, in his Statement of Errors, also sets forth an extensive summary of the medical evidence.  Doc. 9 at PageID 1337-44.  The Commissioner provides no response to Plaintiff's recitation of the evidence of record.  Doc. 13.  Accordingly, except as otherwise stated in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's undisputed summary of the evidentiary record.  Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A.  Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference."  *Id.* at 773 (brackets added).

4

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for DIB, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work

5

experience, and RFC -- do significant numbers of other jobs exist in the
national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818
(S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing that he or she is
"disabled" under the Social Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270,
274 (6th Cir. 1997).  During the first four steps of the five-step sequential analysis, the claimant
has the burden of proof.  42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520.  Should the claimant meet
all requirements of the previous steps, at Step 5 the burden shifts to the Commissioner to
establish that the claimant retains an RFC to perform other substantial gainful activity existing in
the national economy.  *Key*, 109 F.3d at 274.

## III.

In his assignments of error, Plaintiff presents the following two issues: (A) the ALJ
failed to properly weigh medical sources opinions; and (B) the ALJ failed to direct a disability
finding based upon application of the Medical-Vocational Guidelines ("Grid"), 20 C.F.R. Part
404, Subpart P, Appendix 2.  As noted above, the Commissioner offers no substantive response
to Plaintiff's Statement of Errors, and instead, the Commissioner moves for remand for further
proceedings at step five of the ALJ's sequential analysis without substantive explanation
regarding the basis therefor.  Doc. 13 at PageID 1372-73.  Plaintiff argues that the case should be
remanded only for the immediate award of benefits because all factual issues have been resolved
and proper application of the Grid directs a disability finding.  Doc. 14 at PageID 1375.

Generally, benefits may be awarded immediately "only if all essential factual issues have
been resolved and the record adequately establishes a plaintiff's entitlement to benefits."
*Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v.
Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d

6

777, 782 (6th Cir. 1987).  The Court may award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming.  *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

### A.    Medical Source Opinions

The Court first addresses Plaintiff's arguments that the ALJ's failed to properly analyze medical source opinions in determining his RFC.  Doc. 9 at PageID 1347-53.  Plaintiff contends that a proper analysis of medical source opinions directs the conclusion that he is limited to sedentary work.[3]  *Id.*  Again, the Commissioner offers no substantive response to Plaintiff's contentions in this regard and the undersigned would conclude that any such opposition is now waived.  The undersigned finds merit to Plaintiff's uncontested contentions in this regard based upon a full analysis of the law and a detailed review of the ALJ's decision and the evidence of record.

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]"  *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013).  Treating physicians and psychologists top the hierarchy.  *Id.*  "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once."  *Id.*  "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.* § 404.1567(b).  An individual who can perform light work is presumed to also be able to perform sedentary work.  *Id.*  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  *Id.* § 404.1567(a).

of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2); *see also Blakely*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakely*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be

sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.*

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id.* at 406; *see also* 20 C.F.R. § 404.1527(c). In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

An ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her patient is disabled -- is not "give[n] any special significance." 20 C.F.R. § 404.1527(d)(3); *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

Initially, the Court finds that the ALJ wholly failed to analyze -- or even mention -- the opinion of Seth H. Vogelstein, D.O., an examining physician, who recommended that Plaintiff do "no lifting over 10 pounds." PageID 979. The ALJ also wholly failed to analyze -- or even

9

mention -- the opinion of Stephen W. Duritsch, M.D., an examining physician, who opined that Plaintiff was only "capable of returning to work within the sedentary restrictions[.]"  PageID 1201.  The ALJ's failure to analyze -- or even mention -- these opinions amounts to error.  *See Karger v. Comm'r of Soc. Sec.*, 414 F. Appx. 739, 753-55 (6th Cir. 2011) (concluding that the ALJ's failure to "discuss the opinions of two non-treating sources" violated the Commissioner's regulations).  Absent any specific argument by the Commissioner, the Court cannot find harmless error in this regard.  Accordingly, based on these omissions alone, the ALJ's RFC and non-disability findings are not supported by substantial evidence and must be reversed.

The undersigned also agrees with Plaintiff's unopposed contention that the ALJ failed to follow the treating physician rule by failing to provide meaningful explanation as to why he declined to give controlling weight to the opinion of treating pain management physician Bhimavarpu Reddy, M.D.  Doc. 9 at PageID 1349-50.  Dr. Reddy concluded that Plaintiff "could only handle part-time sedentary work."  PageID 1204.  In evaluating whether Dr. Reddy's opinion must be given controlling weight, the ALJ simply set forth the conclusory contention that "Dr. Reddy's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques and is inconsistent with his own clinical findings and treatment notes." PageID 54.

In arriving at this conclusion, the ALJ failed to provide any meaningful explanation concerning the conclusion that Dr. Reddy's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques.  *Id*.  Further, the ALJ points to no portion of Dr. Reddy's clinical findings or treatment notes -- or any part of the record whatsoever -- to show any purported inconsistency.  *Id*.  Such failure amounts to reversible error.  *See Wilson*, 378 F.3d at 544-45 (finding reversal required where the ALJ failed, among other errors,

10

to "identify the evidence supporting" the apparent finding that a treating physician's "opinion was not 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' or was 'inconsistent with the other substantial evidence in [the] case record'"); *see also Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record" in the absence of "some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion . . . gets the short end of the stick"); *Redlin v. Comm'r of Soc. Sec.*, No. 12-12779, 2013 WL 1720829, at *13-14 (E.D. Mich. Mar. 27, 2013) (finding the ALJ's non-disability finding not supported by the evidence where "the ALJ's conclusory statement" concerning the treating physician's opinions failed to comply with the treating physician rule "because it fails to identify, with any level of specificity, the evidence which supposedly undermines her opinions").

The Court also concludes that the ALJ erred by failing to provide "good reasons" for the ultimate "little weight" given Dr. Reddy's opinion. PageID 54. As noted *supra*, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakely*, 581 F.3d at 406; *see also* 20 C.F.R. § 404.1527(c). Here, in merely assigning "little weight" to Dr. Reddy's opinion, the ALJ stated only that "the claimant's treatment for both is back pain and mental health is conservative, and has been for more than four years." PageID 54.

The Court finds that the ALJ's explanation is neither meaningful nor a "good reason" for giving Dr. Reddy's opinion little weight. Significantly, the ALJ omits any discussion about the fact that Dr. Reddy's opinion concerning Plaintiff's exertional level[4] is consistent with other medical source opinions in the record. *See* PageID 477, 1199-1202, 1293-95.[5] The only opinions inconsistent with Dr. Reddy appear to be medical source opinions offered by non-examining sources. *See* PageID 1080. Such opinion evidence does "not constitute substantial evidence in support of the ALJ's rejection of the treating physician's opinions[,]" *Boston v. Astrue*, No. 1:10-cv-408, 2011 WL 4914759, at *6 (S.D. Ohio Sept. 15, 2011), because "it is clearly established law that the opinion of a non-treating 'one-shot' consultative physician or of a medical advisor cannot constitute substantial evidence to overcome the properly supported opinion of a physician who has treated a claimant over a period of years." *Pickett v. Astrue*, No. 3:10-cv-177, 2011 WL 1626559, at *5 (S.D. Ohio Apr. 28, 2011) (citing *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir.1983) (other citations omitted)).

Based on all of the foregoing, including the Commissioner's implicit concession that the ALJ erred in determining Plaintiff's RFC, the undersigned finds that the overwhelming evidence of record establishes that Plaintiff possessed only a sedentary exertional level, at the latest, at the

---

[4] An "exertional level is "[a] work classification defining the functional requirements of work in terms of the range of the primary strength activities required[,]" such as "[t]he primary strength activities specifically associated with the sedentary, light, and medium levels of exertion" defined in 20 C.F.R. § 404.1567.

[5] Notably, the ALJ gave "significant weight" to the opinion of Martin F. Bertram, M.D., PageID 54, who opined that Plaintiff's "[r]eturn to *sedentary* work is certainly a good idea." PageID 477 (emphasis added). The ALJ also gave "great weight" to the opinion of Ashok G. Jilhewar, M.D., PageID 53, who opined that Plaintiff "is limited to sedentary capacity with additional non-exertional limitation . . . able to lift and carry 10 [pounds] frequently and occasionally[.]" PageID 1295. It is not entirely clear to the undersigned how the ALJ could give "significant" and "great" weight to these opinions that Plaintiff is limited to sedentary work, yet somehow find Plaintiff capable of performing a reduced range of light work

time of the administrative hearing.  Accordingly, the undersigned recommends that the ALJ's non-disability finding be found not supported by substantial evidence and reversed.

### B.     The Medical-Vocational Guidelines ("Grid")

In contending that a remand for an immediate award of benefits is proper, Plaintiff argues that the Grid -- specifically 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.14 -- directs a finding of disability in his favor.  Doc. 9 at PageID 1345-47.  Specifically, Plaintiff points to Grid Rule 201.14 and argues that because he was an individual approaching advanced age[6] as of July 29, 2007, he is disabled if restricted to sedentary work.

The ALJ considers the Grid "in the fifth and final stage of the disability determination, after it has been determined that the claimant has not met the requirements of a listed impairment but is nevertheless incapable of performing past relevant work."  *Abbott*, 905 F.2d at 926.  The Grid considers the vocational factors of age, education, work experience, and maximum sustained work capability.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 200.00(a).  A plaintiff's "maximum sustained work capability" is categorized as one of five "exertional levels" -- including the light and sedentary exertional levels -- and is defined as "[t]he highest functional level a person can perform on a regular work basis[.]"  SSR 83-10, *6.  These exertional levels are defined "in terms of the primary strength activities required."  *Id.*; *see also* 20 C.F.R. § 404.1567.

Here, based upon the exertional limitations determined by the ALJ -- that Plaintiff can lift and carry 10 pounds frequently, 15 pounds occasionally, and can sit, stand, and walk for 6 hours

---

[6] Age is divided into three categories: younger person (18-49); person closely approaching advanced age (50-54); and person of advanced age (55 and over).  *See* 20 C.F.R. §§ 404.1563(c)-(e).

in an 8 hour day -- the ALJ found that Plaintiff's exertional level is that of light work.[7]  PageID

56.  However, as determined above, the overwhelming medical opinion evidence in the record

demonstrates that Plaintiff, at least at the time of the administrative hearing, was limited to

sedentary work.

     As of July 29, 2007 -- *i.e.*, two weeks after Plaintiff's alleged onset date -- and through

the time of the administrative hearing, Plaintiff was a person closely approaching advanced age.

*See* 20 C.F.R. § 404.1563(d).[8]  With regard to education and work experience, the ALJ

determined that Plaintiff's education consisted of high school graduation or more with non-

transferable skilled or semiskilled work experience.  PageID 56 (applying Grid Rules 202.21 and

202.14, both of which apply to individuals with education consisting of high school graduation

or more with non-transferable skilled or semiskilled work experience).  Where a person with

these vocational factors whose maximum sustained work capability is limited to sedentary work

-- such as Plaintiff here -- Grid Rule 201.14 directs a disability finding if the person's education

---

[7] The Court notes that, assuming the ALJ's RFC determination was supported by substantial evidence -- which the Court has already concluded it is not-- the ALJ's application of the Grid would have been appropriate in that an individual possessing a light exertional level and approaching advanced age would not be disabled under Grid Rules 202.21 and 202.  PageID 56; *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2.  The Sixth Circuit has rejected Plaintiff's apparent contention that his exertional level is sedentary since the VE limited him to performing only sedentary jobs.  *See Anderson v. Comm'r of Soc. Sec.*, 406 F. App'x 32, 35 (6th Cir. 2010) (relying on *Johnson v. Barnhart*, No. 05-C-129-C, 2005 WL 3271953, at *14 (W.D. Wis. Nov. 29, 2005)).  "The RFC is based on the claimant's particular disabilities, an inquiry wholly independent from what jobs are available in the regional and national economy."  *Id*. at 36 (emphasis added) (citation omitted).  Thus, contrary to Plaintiff's contention, "[t]he VE *does not testify as to what the claimant is physically capable of doing*, but rather as to what jobs are available, given the claimant's physical capabilities."  *Id*.  Simply put, "the VE's testimony depends upon the RFC and not the other way around."  *Id*.

[8] On July 29, 2012, Plaintiff turned 55, therefore becoming a person of advanced age.  *See* 20 C.F.R. § 404.1563(e).  Notably, as determined by the ALJ, Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2012."  PageID 48.

does not provide for direct entry into skilled work.  20 C.F.R. Part 404, Subpart P, Appendix 2 Rule 201.14.[9]

Here, while it may appear that Grid Rule 201.14 applies to direct a disability finding, there are still factual issues remaining for determination at the agency level.  First, the ALJ must make a determination as to whether Plaintiff had "recently completed education which provides for direct entry into sedentary work[,]" which would "preclude a disability finding" as a matter of law under Grid Rule 201.14.  Second, assuming the ALJ finds Grid Rule 201.14 wholly applicable to Plaintiff, the ALJ must further determine the onset date of disability.  *Cf. Fairchild v. Colvin*, No. 3:12-cv-387, 2014 WL 617628, at *6 (S.D. Ohio Feb. 18, 2014) (stating that "the ALJ must determine the onset date of disability").  Accordingly, finding that factual issues remain for initial determination at the agency level, the Court finds an immediate award of benefits inappropriate and recommends that the Commissioner's motion for remand (doc. 13) be **GRANTED** with a directive that the ALJ promptly conduct further proceedings consistent with this decision.

## IV.

For the foregoing reasons, the Court finds merit to Plaintiff's appeal, and that the ALJ's decision is unsupported by substantial evidence.

### IT IS THEREFORE RECOMMENDED THAT:

1.     The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2.     The Commissioner's motion for remand (doc. 13) be **GRANTED** as set forth in this Report and Recommendation;

---

[9] Grid Rule 201.14 applies to persons who are high school graduates or more where the individual's education has been completed in the remote past and there is no "recently completed education which provides for direct entry into sedentary work."  20 C.F.R. Pt. 404, Subpt. P,  App. 2 Rule 201.00(g).

3.    This matter be **REMANDED** to the Commissioner under the Fourth
      Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this
      opinion; and

4.    This case be **CLOSED**.


Date:  <u>August 6, 2014</u>                    <u>*s/ Michael J. Newman*</u>
                                                Michael J. Newman
                                                United States Magistrate Judge

16

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).