UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEFFREY W. HAYES, SR.,

        Plaintiff,

-v-

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

        Defendants.

Case No.  3:13-cv-247

Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ENTRY AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #15) IN ITS ENTIRETY; REVERSING THE COMMISSIONER'S DECISION THAT HAYES WAS NOT DISABLED; GRANTING THE COMMISSIONER'S MOTION FOR REMAND (Doc. #13); REMANDING THIS MATTER TO THE COMMISSIONER AND TERMINATING THIS CASE**

---

Jeffrey W. Hayes, Sr. ("Hayes") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he was not disabled, and, therefore, not entitled to Social Security disability benefits. On August 6, 2014, United States Magistrate Judge Michael J. Newman entered a Report and Recommendation (doc. #15) recommending that the Commissioner's decision that Hayes was not disabled be reversed and the matter remanded to the Commissioner. The Commissioner subsequently objected.[1] Hayes has responded to the Commissioner's Objections. (Doc. #19.) This matter is, therefore, ripe for decision.

Hayes sought financial assistance from the Social Security Administration by applying

---

[1]The Commissioner appears to agree with the Report and Recommendations that the matter be remanded.

for Disability Insurance Benefits ("DIB") benefits on September 15, 2009. Hayes claimed that he had been disabled since July 13, 2007, due to cervical spondylosis, degenerative disc disease of the lumbar spine, coronary artery disease and major depressive disorder..

The Commissioner denied Hayes's application initially and on reconsideration. Administrative Law Judge ("ALJ") Joseph P. Donovan, Sr. ("Donovan") held a hearing following which he determined that Hayes was not disabled. The Appeals Council denied Hayes's request for review and ALJ Donovan's decision became the Commissioner's final decision. Hayes then appealed to this Court pursuant to 42 U.S.C. §405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #15) and in the Commissioner's Objections (doc. #18) and Hayes' Reply (doc. #19), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court reverses the Commissioner's decision that Hayes was not disabled and remands this matter to the Commissioner for proceedings consistent with the Report and Recommendations. Also, the Commissioner's Motion To Remand (doc. #13) is granted.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

      The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F. 3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

      In this case, the ALJ's decision is not supported by substantial evidence. As a result, the Commissioner's decision that Hayes was not disabled is reversed and this matter is remanded to the Commissioner for proceedings consistent with the Report and Recommendations. Further, the Commissioner's Motion To Remand is granted. In sum, the Report and Recommendations is adopted in its entirety. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE and ORDERED** in Dayton, Ohio this Twenty-Fifth Day of September, 2014.

                              **s/Thomas M. Rose**
                        _____
                                THOMAS M. ROSE
                        UNITED STATED DISTRICT JUDGE

Copies furnished to:  Counsel of Record