UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEFFREY HAYES,                                                  Case No. 3:13-cv-00247

      Plaintiff,

vs.

COMMISSIONER OF                                        District Judge Thomas M. Rose
SOCIAL SECURITY,                                          Magistrate Judge Michael J. Newman

      Defendant.

---

**ORDER VACATING THE REPORT AND RECOMMENDATION DATED JANUARY 5, 2017 (DOC. 31)**

\*\*\*

**AMENDED REPORT AND RECOMMENDATION[1] THAT (1) PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DOC. 25) BE GRANTED; (2) PLAINTIFF'S COUNSEL BE AWARDED $18,401.00 IN ATTORNEY'S FEES; (3) COUNSEL REIMBURSE THE EAJA FEE PREVIOUSLY AWARDED; AND (4) THIS CASE REMAIN TERMINATED ON THE COURT'S DOCKET**

---

On September 25, 2014, Judge Rose reversed the ALJ's non-disability finding and remanded this case to the Commissioner for further proceedings. Doc. 20. Counsel for Plaintiff subsequently sought, and was awarded, attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $6,000.00. Doc. 24. This case is back before the undersigned on an unopposed motion by Plaintiff's counsel for a contingency fee award in the amount of $18,401.00.[2] Doc. 25.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] 42 U.S.C. § 406(b) permits an award of attorney's fees for successful Disability Insurance Benefits ("DIB") claims under Title II of the Social Security Act. Supplemental Security Income ("SSI") benefits are awardable pursuant to Title XVI of the Social Security Act, which incorporates 42 U.S.C. § 406(b) by reference, and likewise permits an award of attorney's fees for successful SSI claims. *See* 42 U.S.C. § 1383(d)(2); *Napier v. Comm'r of Soc. Sec.*, 190 F. App'x 458, 459-60 (6th Cir. 2006). The same analysis applies in deciding motions for attorney's fees under both statutes. *See id.*

In support of the motion, counsel attaches a contingency fee agreement executed by Plaintiff. Doc. 25-2 at PageID 1468. Counsel also submits an itemized billing statement indicating that he spent 65.5 hours on this matter. Doc. 25-1 at PageID 1461-66. The undersigned has carefully considered each of the forgoing documents, and the fees motion is now ripe for decision.

## I.

In DIB and SSI cases, the Court is authorized to award attorney's fees following a successful Social Security disability appeal. *See* 42 U.S.C. §§ 402(b)(1), 1383(d)(2). However, such contingency fees (1) may not exceed 25% of the past-due benefits which the claimant receives as a result of an appeal, and (2) must additionally be reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore

2

> the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Here, counsel's requested fee of $18,401.00, divided by the 65.5 hours spent working on the case, results in a hypothetical hourly rate of $280.93. Doc. 25-1 at PageID 1461-66. With regard to counsel in this case, this Court has previously approved a hypothetical hourly rate of $750.00, while noting that "counsel achieved an excellent result for the Plaintiff . . . [and] handled the matter efficiently" and that "Plaintiff agreed to the contingent fee." *Havens v. Comm'r of Soc. Sec.*, No. 2:12-CV-0637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014), *report and recommendation adopted*, No. 2:12-CV-637, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014). The same is true in this instance. Accordingly, and in light of counsel's extensive experience in these matters, *see* doc. 25 at PageID 1453-56, the fee sought is reasonable and does not result in an undeserved windfall. *See id.*

## II.

Accordingly, the undersigned **RECOMMENDS THAT:**

1. Plaintiff's unopposed motion for attorney's fees under the Social Security Act (doc. 25) be **GRANTED**;

2. Plaintiff's counsel be **AWARDED** the requested sum of $18,401.00 in attorney's fees;

3. Plaintiff's counsel is **ORDERED** to reimburse Plaintiff, within **FOURTEEN (14) DAYS**, the $6,000.00 in EAJA fees previously awarded to counsel; and

4. As no further matters are pending for review, this case remains **TERMINATED** upon the Court's docket.

Date:  February 2, 2017           s/ Michael J. Newman
                                  Michael J. Newman
                                  United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).